Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>**Parte recurrida**<br><br>v.<br><br>JOSÉ BROWN TEJERA, Y OTROS<br><br>**Parte peticionaria** | **TA2026CE00735** | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm. DCD2014-0800 (401)<br><br>Sobre:<br>Cobro de dinero y ejecución de hipoteca |

Panel integrado por su presidente, el juez Sánchez Ramos, el juez Pérez Ocasio y la juez Trigo Ferraiuoli.

Pérez Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de junio de 2026.

Comparece ante nos Elba Alicea Ortiz, en adelante, Alicea Ortiz o peticionaria, solicitando que revisemos la orden del Tribunal de Primera Instancia, Sala Superior de Bayamón, en adelante, TPI-Bayamón, notificada el 15 de abril de 2026. En la misma, el Foro Recurrido concedió el lanzamiento de la peticionaria.

Por los fundamentos que expondremos a continuación, ***denegamos*** expedir el recurso solicitado.

### I.

El 1 de agosto de 2014, el TPI-Bayamón dictó sentencia en rebeldía contra Alicea Ortiz.[1] En su dictamen, autorizó la venta en pública subasta de la propiedad inmueble sita en el Municipio de Toa Alta. Desde el comienzo de este pleito, la peticionaria ha

---

[1] El expediente de autos y los anejos del recurso no representan con claridad el cuadro fáctico necesario para evaluar los señalamientos de error. Por ello, nos hemos valido de los dictámenes emitidos por este Foro en los casos KLCE202201126 y KLCE202400535, además del portal *poderjudicial.pr*, respecto a los recursos ante el Tribunal Supremo de Puerto Rico, para complementar el tracto procesal de este caso.

sostenido, a través de diversos mecanismos procesales, que no fue emplazada conforme a derecho.

El **21 de febrero de 2019**, Alicea Ortiz solicitó al Foro Primario que paralizara los procesos de lanzamiento, y dejara sin efecto la sentencia en su contra, por no haber sido emplazada conforme a derecho. Al día siguiente, el TPI-Bayamón declaró *"No Ha Lugar"* esta petición, al constatar que la peticionaria fue emplazada personalmente el 9 de abril de 2014.

El 7 de febrero de 2017, la propiedad objeto de la controversia de epígrafe fue adjudicada al Banco Popular de Puerto Rico, en adelante, BPPR o recurrida.

No obstante, el **15 de marzo de 2019** radicó otra moción solicitando al Foro Primario que declarara la nulidad del emplazamiento, y dejara sin efectos los procedimiento post sentencia por no tener el TPI-Bayamón jurisdicción sobre su persona. El 18 de marzo de 2019, el foro a quo la declaró *"No Ha Lugar"*.

Inconforme aun, el **3 de agosto de 2022**, Alicea Ortiz presentó otra moción, esta vez solicitando la nulidad de sentencia, dentro del mismo pleito, por falta de jurisdicción. Además, invocó un estatuto federal para solicitar se dejará sin efecto el lanzamiento. El 12 de julio de 2022, el BPPR se opuso a la misma. Así, el 2 de agosto de 2022, el TPI-Bayamón emitió un dictamen declarando *"No Ha Lugar"* los planteamientos de Alicea Ortiz, y advirtiendo que el asunto jurisdiccional había sido adjudicado a través de su orden del 18 de marzo de 2019.

Sobre estos asuntos, la peticionaria solicitó reconsideración. Los días **2 y 12 de septiembre de 2019**, Alicea Ortiz reiteró la reconsideración solicitada al TPI-Bayamón sobre la falta de jurisdicción y nulidad de emplazamiento, entre otros asuntos. El

14 de septiembre de 2022, el foro de instancia resolvió en su contra.

El **11 de octubre de 2022**, la peticionaria compareció ante este foro mediante recurso de *certiorari*, el cual fue denegado por un panel hermano por no habérsele notificado del mismo a una de las partes.[2] De esa determinación, Alicea Ortiz recurrió al Tribunal Supremo de Puerto Rico, mediante recurso de *certiorari*. El **15 de septiembre de 2023**, su recurso fue denegado.[3] Luego de solicitar la reconsideración ante el más Alto Foro, este último la denegó el **10 de noviembre de 2023**. Luego de presentada una segunda reconsideración ante el Tribunal Supremo, este la denegó nuevamente el **19 de enero de 2024.**

Así las cosas, el 16 de abril de 2024, se le notificó a Alicea Ortiz que sería lanzada de la propiedad el 19 de abril de 2024. Ese mismo día, siendo el **16 de abril de 2024**, la peticionaria solicitó la paralización de la ejecución del lanzamiento, arguyendo que no recibió la notificación del lanzamiento y que el BPPR no le ofreció todas las alternativas de mitigación de perdidas. El 17 de abril de 2024, el Foro Primario declaró *"No Ha Lugar"* la misma.

El día **19 de abril de 2024**, señalado para el lanzamiento, Alicea Ortiz presentó una solicitud de interdicto preliminar, argumentando, nuevamente, falta de jurisdicción sobre su persona. El 26 de abril de 2024, el TPI-Bayamón declaró *"No Ha Lugar"* la solicitud. Inconforme aun, el **16 de mayo de 2024**, la peticionaria compareció nuevamente ante nos, alegando abuso de discreción por el Foro Primario.[4] Otro panel hermano desestimó el recurso por las mismas razones que el primero fue denegado –por falta de notificación a una de las partes. Inconforme aun, recurrió ante el más Alto Foro, el cual denegó el segundo recurso de

---

[2] KLCE202201126.
[3] CC-2023-0455.
[4] KLCE202400535.

*certiorari* el **11 de octubre de 2024**. Luego, el **15 de noviembre de 2024** el Tribunal Supremo de Puerto Rico denegó la reconsideración del mismo.[5]

El 17 de marzo de 2026, la parte recurrida presentó ante el TPI-Bayamón una *"Solicitud de Lanzamiento"*. El 7 de abril de 2026, el Foro Recurrido concedió la orden de lanzamiento, y el 15 de abril de 2026, la notificó a la peticionaria. Por su parte, el 28 de abril de 2026, Alicea Ortiz presentó *"Moción de Reconsdieración"*. El 12 de mayo de 2026 el foro a quo la declaró *"No Ha Lugar"*.

Insatisfecha, la peticionaria recurrió ante esta Curia mediante *"Petición de Certiorari"* el 9 de junio de 2026. En su recurso, Alicea Ortiz hizo los siguientes planteamientos de error:

> **PRIMER ERROR:** ERRO Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DICTAR ORDEN DE LANZAMIENTO CONTRA LA PARTE RECURRENTE SIN HABERLE PERMITIDO A DICHA PARTE FIJAR SU OPOSICIÓN EN CUANTO A DICHA ORDEN DE LANZAMENTO; PESE A QUE LA PARTE RECURRIDA NO EMPLAZÓ A LA PARTE RECURRENTE; PESE A QUE LA PARTE RECURRIDA NO HA OFRECIDO A LA PARTE RECURRENTE TODAS LAS ALTERNATIVAS DE MITIGACIÓN DE PÉRDIDAS.
>
> **SEGUNDO ERROR:** ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO APELATIVO AL DENEGAR LA MOCIÓN DE RECONSIDERACIÓN DE LA PARTE RECURRENTE EN LA QUE DISCUTIÓ EN DERECHO LA CONDICIÓN NULA DE LOS PROCEDIMIENTOS Y SENTENCIA EN ESTE CASO Y PORQUE RELEVO DE LA PARTE RECURRENTE DE DICHA SENTENCIA Y PROCEDIMENTOS DE NATURALEZA NULA DE CONFORMIDAD CON LA REGLA 49.2 DE LAS PROCEDIMIENTO CIVIL, 32 LPRA Ap. V. R. 49.2.

Al día siguiente, compareció nuevamente ante nos radicando una *"Moción en Auxilio de Jurisdicción"*. En su escrito, expresó que recibió una notificación en el portón de su vivienda un aviso de lanzamiento pautado para el *11 de junio de 2026*. Por ello, solicitó

---

[5] CC-2024-0506.

que dejáramos sin efecto el mismo, y declaremos nula la sentencia en su contra. Mediante *"Resolución"* del 10 de junio de 2026 declaramos esta última moción *"No Ha Lugar"*.

Al amparo de la facultad conferida por la Regla 7(B)(5) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), prescindimos de la comparecencia del recurrido, y procedemos a expresarnos.[6]

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020).

Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales,

---

[6] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho [...]". Reglamento del Tribunal de Apelaciones, supra.

asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, supra, pág. 63; *Allio v. Santiago Chardón*, supra; *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre

que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### III.

La peticionaria recurre ante esta Curia, por *tercera vez*, solicitando que revoquemos la orden que le ha concedido a la parte recurrida el lanzamiento de Alicea Ortiz. En apretada síntesis, esta última argumenta amparándose en los mismos planteamientos que ha levantado desde el año 2019. Esta ha reiterado de manera contumaz, en una pluralidad de mociones y recursos, que el TPI-Bayamón no tiene jurisdicción sobre su persona, por defecto en el emplazamiento del año 2014.

El Foro Recurrido atendió la contención sobre falta de jurisdicción en su dictamen del 18 de marzo de 2019. Por ello, este asunto advino final y firme hace más de seis (6) años. Sin embargo, Alicea Ortiz ha intentado relitigar este asunto mediante mociones urgentes, peticiones de nulidad de sentencia y recursos interlocutorios ante los foros de mayor jerarquía. En cada instancia, sus esfuerzos han sido infructuosos.

Luego de evaluar el expediente, las resoluciones de este Tribunal en los casos KLCE202201126 y KLCE202400535 procede que *deneguemos el presente recurso*. Lo cierto es que la peticionaria no ha demostrado error, parcialidad o abuso de discreción por parte del Foro Primario. Tampoco divisamos un posible fracaso a la justicia. De hecho, justipreciamos que ha sido

el abuso de los procesos y recursos judiciales, por parte de Alicea Ortiz, los que han embestido la adjudicación final de este asunto.

Surge que la peticionaria ha sido representada legalmente durante estos años. Por ello, conviene recordar "[l]a principal función del foro judicial lo es la búsqueda de la verdad, y el propósito primordial de los procedimientos que en el mismo se llevan a cabo lo constituye el que se le haga cumplida justicia a las partes que allí litigan las diferencias surgidas entre ellos. Ello exige —entre otros— seriedad, buena fe y honestidad de parte de todos los que activamente participan en dichos procedimientos".[7] Así, las partes tienen la responsabilidad de "comparece[r] de buena fe y, siempre, con la verdad".[8]

**IV.**

Por los fundamentos antes esbozados, ***denegamos*** *expedir el recurso solicitado.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[7] *Correa v. Marcano,* 139 DPR 856, 863 (1996). (Opinión concurrente, Sentencia).
[8] *Íd.*